UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL URIARTE-LIMON,<br>    Plaintiff,<br><br>        v.<br><br>HAGHNAZARZADEH, LLC, et al.,<br>    Defendants. | CV 20-5989 DSF (JPR)<br><br>Order GRANTING Plaintiff Raul Uriarte-Limon's Application for Default Judgment (Dkt. 14) |

    Plaintiff Raul Uriarte-Limon moves for default judgment against Defendant Haghnazarzadeh, LLC for violating the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182(a), and California's Unruh Civil Rights Act, Cal. Civ. Code § 51 (Motion).  Dkt. 14 (Mot.).  Uriarte-Limon seeks injunctive relief, $4,000 in statutory damages, and $4,442.25 in attorneys' fees and costs.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing set for October 26, 2020 is removed from the Court's calendar.  The Motion is GRANTED.

### I. Facts and Background

    Uriarte-Limon is paraplegic and uses a wheelchair.  Dkt. 1 (Compl.) ¶ 1.  In February 2020, Uriarte-Limon visited a business on property owned by Haghnazarzadeh called Spa Nails, located at 1034 North Hacienda Boulevard, La Puente, California, "to avail himself of its services and to assess the business for compliance with the disability access laws."  Id. ¶ 8.  Spa Nails is a facility "open to the public, a place of public accommodation, and a business establishment."  Id. ¶ 9.  When Uriarte-Limon visited Spa Nails, there was no

wheelchair accessible path of travel leading to the business, wheelchair accessible parking, wheelchair accessible sales counter, or wheelchair accessible restrooms "in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff." Id. ¶¶ 10-17. Uriarte-Limon personally encountered these barriers. Id. ¶ 18. He intends to return and patronize Spa Nails but is deterred from doing so because of these barriers. Id. ¶ 23.

On June 10, 2020 and June 30, 2020, an investigator from the Center for Disability Access visited Spa Nails and took photographs and measurements. Dkt. 14-1 (Mem. of P. & A.) at 1-2; dkt. 14-5 (Hernandez Decl.) ¶ 2. The investigator confirmed that (1) the walkway leading to the entrance of Spa Nails had cross slopes up to 7.1%, (2) there was no access aisle for the ADA parking stall in the front lot and no accessible parking in the rear lot, (3) the sales counter was 40 inches in height, and (4) the restroom narrowed to 25 inches. Mem. of P. & A. at 2; Hernandez Decl. ¶¶ 3-6.

Uriarte-Limon's counsel conducted a public records search on May 5, 2020, which revealed that Haghnazarzadeh owns the property on which Spa Nails is located. Dkt. 14-11 (Gutierrez Decl.) ¶ 4; dkt. 14-7. Uriarte-Limon filed his complaint on July 6, 2020, Compl., and served the summons and complaint on Haghnazarzadeh on July 13, 2020, dkt. 10. Uriarte-Limon requested that the Clerk enter default against Haghnazarzadeh on September 9, 2020. Dkt. 11. On September 11, 2020, the Clerk properly entered default. Dkt. 12. On September 20, 2020, Uriarte-Limon filed an application for default judgment. Mot. Uriarte-Limon served notice of the application on Haghnazarzadeh the same day. Gutierrez Decl. ¶ 6.

## II. Legal Standard

Rule 55(b)(2) permits the Court to enter default judgment. The Court need not make detailed findings of fact in the event of default. Adriana Int'l Corp. v. Theoren, 913 F.2d 1406, 1414 (9th Cir. 1990). On entry of default, well pleaded allegations in the complaint regarding liability generally are deemed to be admitted. DIRECTV, Inc. v. Hoa

2

Huynh, 503 F.3d 847, 851 (9th Cir. 2007).  Allegations as to damages, however, must be proven.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

The Court considers several factors (the Eitel factors) "in exercising discretion as to the entry of a default judgment includ[ing]: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of the money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### III. Discussion

#### A.   Liability

The first Eitel factor weighs in Uriarte-Limon's favor.  Uriarte-Limon alleges he would like to return to patronize Spa Nails but is deterred from doing so until the barriers are removed.  Compl. ¶ 23.  He has no means to obtain compliance with the ADA and Unruh Act other than through this litigation.  Uriarte-Limon would therefore be prejudiced because he would continue to suffer discrimination on the basis of his physical disability.

The second and third Eitel factors also weigh in favor of granting default judgment.  Uriarte-Limon seeks injunctive relief under the ADA and Unruh Act, statutory damages under the Unruh Act, and attorneys' fees.  Compl., Prayer ¶¶ 1-3.  To establish an ADA claim, a plaintiff must prove "(1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability."  Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).

First, Uriarte-Limon alleges he is disabled within the meaning of 42 U.S.C. § 12102(a).  Specifically, he is a "paraplegic who uses a

3

wheelchair" because he cannot walk. Compl. ¶ 1; dkt. 14-4 (Uriarte-Limon Decl.) ¶ 2. Section 12102(1)-(2)(a) defines "disability" as a physical impairment that "substantially limits one or more major life activities" including "walking." Therefore, Uriarte-Limon is disabled within the meaning of the ADA.

Second, Uriarte-Limon alleges that (1) Haghnazarzadeh owns the real property on which Spa Nails is located, Compl. ¶¶ 2-3, and (2) Spa Nails is "open to the public, a place of public accommodation, and a business establishment," id. ¶ 9. Title III identifies "sales and rental establishment[s]" as places of public accommodation subject to the ADA. 42 U.S.C. § 12181(7)(E). Accepting these allegations as true, the Court finds Uriarte-Limon has established that Haghnazarzadeh owns, leases, or operates a place of public accommodation.

Third, Uriarte-Limon alleges that the lack of ADA-compliant paths of travel, parking, sales counters, and restrooms at Haghnazarzadeh's property constitutes architectural barriers prohibited by 42 U.S.C. § 12182(b)(2)(A)(iv). Compl. ¶¶ 27-34. To prevail on this theory, Uriarte-Limon must establish: "(1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable." Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014) (alteration in original) (citation omitted).

Uriarte-Limon's allegations, supporting declarations, and documentary evidence establish the first prong. Barriers are determined by reference to the ADA Accessibility Guidelines (ADAAG). See Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011). First, Uriarte-Limon alleges "there was no access aisle that accompanied the front ADA parking stall. Meanwhile, there was no accessible parking whatsoever in the rear parking lot." Uriarte-Limon Decl. ¶ 5; see also Compl. ¶ 12; Hernandez Decl. ¶ 4; dkt. 14-6 (Investigator Photographs). This violates the ADAAG. See e.g., ADAAG 2010 Standards § 502.2 ("Car parking spaces shall . . . have an adjacent access aisle").

4

Second, Uriarte-Limon alleges "[t]he sales counter was 40 inches in height. There was no lowered portion of the counter available for use by persons in wheelchair." Uriarte-Limon Decl. ¶ 6; see also Compl. ¶ 14; Hernandez Decl. ¶ 5; Investigator Photographs. This violates the ADAAG. See e.g., ADAAG 2010 Standards § 904.4.1 ("A portion of the counter surface that is . . . 36 inches (915 mm) high maximum above the finish floor shall be provided").

Third, Uriarte-Limon alleges "there is not enough room to get inside the restroom. It narrows to 25 inches in width." Uriarte-Limon Decl. ¶ 7; see also Compl. ¶ 16; Hernandez Decl. ¶ 6; Investigator Photographs. This violates the ADAAG. See e.g., ADAAG 2010 Standards § 403.5.1 ("Except as provided in 403.5.2 and 403.5.3, the clear width of walking surfaces shall be 36 inches (915 mm) minimum"); 404.2.3 ("Door openings shall provide a clear width of 32 inches (815 mm) minimum").

Uriarte-Limon also asserts "the "walkway leading to the entrance of Spa Nails had cross slopes of as much as 7.1%," which violates the ADAAG. Uriarte-Limon Decl. ¶ 4; see also Compl. ¶ 10. However, the investigator's photographs show the *running* slope as 7.1%. See Investigator Photographs. Moreover, the 2010 ADAAG does not mention a 7.1% maximum cross slope. Instead, the ADAAG instructs that ramps have a maximum of 1:12 running slope and 1:48 cross slope. ADAAG 2010 Standards § 405.2 ("Ramp runs shall have a running slope not steeper than 1:12"); § 405.3 ("Cross slope of ramp runs shall not be steeper than 1:48."). 1:12 gradient equals 8.3%, which is more than 7.1%. While in an action for a default judgment, the Court accepts the allegations in the complaint as true, the Court is not required to do so when the party's own evidence contradicts the complaint. To the extent Uriarte-Limon is asserting a separate ADA violation for Haghnazarzadeh's inaccessible walkway, he has not established the merits of this claim.

For the second prong, it is generally accepted that Uriarte-Limon bears "the initial burden of producing evidence that supports a finding that removal is readily achievable . . . ." McComb v. Vejar, No. 2:14-

5

CV-00941-RSWL, 2014 WL 5494017, at *6 (C.D. Cal. Oct. 28, 2014) (citation omitted). While the Ninth Circuit has not decided which party has the burden of proving that removal of an architectural barrier is readily achievable, the majority of districts apply the Tenth Circuit's burden-shifting scheme. Id.

Uriarte-Limon alleges that the barriers identified are easily removable without much difficulty or expense, the barriers are identified by the Department of Justice as presumably readily achievable to remove, removal is in fact readily achievable, and in any event, alternative accommodations could be made if complete removal were not achievable. See Compl. ¶ 22. Accepting these allegations as true, the Court finds Uriarte-Limon has plausibly alleged removal would be readily achievable. His allegations are sufficient to satisfy the third element of a Title III discrimination claim, and he has stated a cause of action under the ADA.[1]

The remaining Eitel factors also weigh in favor of granting default judgment. Uriarte-Limon seeks $4,000 in statutory damages – an amount proportional to the alleged violations of federal and state anti-discrimination laws – and $4,442.25 in attorneys' fees, and costs. Based on Uriarte-Limon's factual allegations, the documentary evidence provided, and Haghnazarzadeh's failure to defend, the possibility of a dispute concerning material facts is slight. The record shows that Haghnazarzadeh was properly served with the summons, the complaint, and the application for default judgment. See dkt. 10; dkt. 15; Gutierrez Decl. ¶ 6. The risk of excusable neglect is minimal. The policy favoring decisions on the merits does not weigh against entry of default judgment because Haghnazarzadeh has failed to

---

[1] Because the complaint properly pleaded an ADA claim, Uriarte-Limon also has properly pleaded his Unruh Act claim. See Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 shall also constitute a violation of this section." (citation omitted)); Lentini v. Cal. Ctr. for the Arts, Escondido, 370 F.3d 837, 847 (9th Cir. 2004) ("[A] violation of the ADA is, *per se*, a violation of the Unruh Act.").

respond to Uriarte-Limon's complaint, making a decision on the merits impossible.

Uriarte-Limon is entitled to injunctive relief under the ADA and Unruh Act, and Haghnazarzadeh is ORDERED to remove all barriers identified in Uriarte-Limon's complaint, i.e., to provide an access aisle next to an accessible parking space of proper size, provide a sales counter no more than 36 inches off the ground, and provide an accessible bathroom with a wider doorway that does not narrow to 25 inches to comply with ADA Standards at Spa Nails and its accompanying property located at 1034 North Hacienda Boulevard, La Puente, California.

B.  Damages, Attorneys' Fees, and Costs

   1.  Damages

Uriarte-Limon requests $4,000 in statutory damages under the Unruh Act. Compl., Prayer ¶ 2; see Cal. Civ. Code § 52(a) (any person who "makes any discrimination or distinction contrary to [the Act] is liable for each and every offense for the actual damages . . . up to a maximum of three times the amount of actual damages but in no case less than four thousand dollars ($4,000) . . ."). A plaintiff can recover damages by demonstrating that "violations of applicable California disability standards deterred him . . . on a particular occasion from attempting to enter a place of public accommodation." Botosan v. Paul McNally Realty, 216 F.3d 827, 835 (9th Cir. 2000). Here, Uriarte-Limon has adequately pleaded that Haghnazarzadeh failed to provide a compliant parking space, sales counter, and restroom in February 2020. The Court GRANTS Uriarte-Limon's request for $4,000 in statutory damages under the Unruh Act.

   2.  Attorneys' Fees

Having prevailed on the merits, Uriarte-Limon is entitled to reasonable attorneys' fees. See 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). To determine reasonable attorneys' fees in this case, the Court must use the lodestar method. See Vogel v. Harbor Plaza Ctr., LLC,

893 F.3d 1152, 1161 (9th Cir. 2018) (holding the district court abused its discretion by relying on Local Rule 55-3 in determining attorneys' fees). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), opinion amended on denial of reh'g, 108 F.3d 981 (9th Cir. 1997) (citing McGrath v. Cty. of Nevada, 67 F.3d 248, 252 (9th Cir. 1995)). Uriarte-Limon's counsel requests attorneys' fees of $3,554 for 7.2 hours of work billed by Mark Potter, Russell Handy, Amanda Seabock, and Faythe Gutierrez at rates of $595, $595, $450, and $400 per hour, respectively. Dkt. 14-3 (Handy Decl.) ¶¶ 3-6, Billing Summary.

The Court's Order re Format of Time and Expense Records, located on the Court's website, requires that "*Time records must be maintained on a contemporaneous basis,* and a declaration from counsel to that effect will be required. Timekeepers should not attempt to reconstruct their time days after the services were rendered." Order re Format of Time and Expense Records ¶ 4. No such declaration has been filed. On the contrary, Handy's declaration establishes that the billing statement is a "true and accurate *reproduction* of the work and costs that we seek reimbursement for in this case." Handy Decl. ¶ 2 (emphasis added).

The Court's Order re Format of Time and Expense Records also instructs "'Block-billing,' i.e., a line item with a single time charge for multiple activities, is inappropriate." Court's Order re Format of Time and Expense Records ¶ 6. The Billing Statement includes several entries that are block-billed, including an entry on September 16, 2020 for Ms. Gutierrez in which she bills .4 hours for both selecting the photographs for the default judgment and "work[ing] on" the investigator's declaration. Handy Decl., Billing Statement. The first five entries on the Billing Statement proport to contain one entry of completing steps one through five of counsel's prefiling checklist, but contain multiple activities, and therefore are also block-billed. Id. If counsel seek attorneys' fees in this matter, the required declaration and amended Billing Statement must be submitted by counsel no later than

December 28, 2020. In the absence of a declaration, the Court will enter judgment without an award of fees.

### 3. Costs

Both the ADA and Unruh Act authorize the Court to award costs in this matter. 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Uriarte-Limon seeks costs of $400 for filing fees and $88.25 for service costs. Handy Decl., Billing Summary. These costs are recoverable. Uriarte-Limon also requests $400 in "investigator" fees. Id. Uriarte-Limon fails to provide any authority that costs for "investigator" fees are recoverable. The Court therefore declines to award costs for investigator fees. See Eversole v. Encino Oaks, LLC, No. CV 18-8948 DSF (KSX), 2019 WL 4148352, at *4 (C.D. Cal. June 26, 2019); Love v. Gutierrez, No. CV 18-0872-DSF-KSx, slip op. at 9 n.5 (C.D. Cal. Oct. 29, 2018); Munson v. Murad, No. 17CV2499-MMA-BGS, 2018 WL 4027007, at *2 (S.D. Cal. Aug. 23, 2018) (citing Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002)).

The Court finds that Uriarte-Limon is entitled to recover his filing fee and cost of service in the total amount of $488.25.

## IV. Conclusion

Uriarte-Limon's application for default judgment is GRANTED. Uriarte-Limon is awarded $4,000 in statutory damages and $488.25 in costs, for a total amount of $4,488.25. Judgment will be entered in that amount if no timely declaration supporting the request for attorneys' fees is filed.

IT IS SO ORDERED.

Date: December 7, 2020

_Dale S. Fischer_
Dale S. Fischer
United States District Judge